UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTINA VOIGHT, | : | CIVIL CASE NO. |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| MC CREDIT PARTNERS LIMITED | : | |
| PARTNERSHIP, and | : | |
| PINNACLE INVESTIGATIONS, INC., | : | |
| Defendants. | : | JUNE 21, 2017 |

**COMPLAINT**

I.  **PRELIMINARY STATEMENT**

1. This action seeks monetary damages; costs and attorney fees for the injuries suffered by the plaintiff as a result of the defendants' violations of the provisions of the Fair Credit Reporting Act (hereafter the "FCRA"), Title15 U.S.C. §§ 1681 et seq.

II. **JURISDICTION**

2. This action arises under the provisions of FCRA, Title 15 U.S.C. §§ 1681 et seq.

3. Jurisdiction over the plaintiff's federal claims is invoked pursuant to FCRA, Title 15 U.S.C. § 1681p.

4. Monetary relief is sought pursuant to Title 15 U.S.C. § 1681o (a).

5. Costs and attorney fees may be awarded pursuant to Title 15 U.S.C. § 1681o (b).

III. **VENUE**

6. This action properly lies in the District of Connecticut pursuant to Title 29 U.S.C. §1391(b) because the claims arose in this judicial district, and the defendant, MC

1

Credit Partners Limited Partnership, and the defendant, Pinnacle Investigations, Inc., conduct a substantial amount of business in the State of Connecticut.

IV. **PARTIES**

7. The plaintiff is a citizen of the United States and resides in Bridgeport, Connecticut.

8. The defendant, MC Credit Partners Limited Partnership, is a Delaware corporation, which has a principal place of business at 2200 Atlantic Street, Fifth Floor, Stamford, CT, 06902.

9. At all times relevant hereto, the defendant, MC Credit Partners Limited Partnership, acted through its agents, servants, and employees who were acting within the scope of their authority in the course of their employment, and under the direct control of the defendant, MC Credit Partners Limited Partnership.

10. At all times relevant hereto, the defendant, Pinnacle Investigations, Inc., acted through its agents, servants, and employees who were acting within the scope of their authority in the course of their employment, and under the direct control of the defendant, Pinnacle Investigations, Inc.

11. The defendant, Pinnacle Investigations, Inc., is a New Jersey Corporation, and conducts a substantial amount of business in Connecticut, including preparing a consumer report on behalf of the defendant, MC Credit Partners Limited Partnership, for employment purposes regarding the hiring of the plaintiff by the defendant, MC Credit Partners Limited Partnership.

12. The unlawful practices alleged herein were committed within the State of Connecticut.

V.     **STATEMENT OF FACTS**

13. On or about February 6, 2017, the plaintiff accepted a work assignment from the McIntyre Group, an employment staffing agency to the defendant, MC Credit Partners Limited Partnership, as a receptionist.

14. After approximately two weeks into her assignment, the plaintiff was offered full-time employment position with the defendant, MC Credit Partners Limited Partnership, as an administrative assistant.

15. The defendant, MC Credit Partners Limited Partnership, offered the plaintiff a starting salary of $50,000.00, plus benefits.

16. On or about February 3, 2017, the plaintiff received an offer of employment from Mike's Factory Direct, LLC, which she declined, choosing to accept employment with the defendant, MC Credit Partners Limited Partnership.

17. On March 2, 2017, Purvang Desai, Chief Financial Officer, and Jonathan Tunis, Managing Director, of the defendant, MC Credit Partners Limited Partnership, met with the plaintiff, and informed her that the defendant, MC Credit Partners Limited Partnership, was rescinding its offer of employment, based on the results of a background report performed by the defendant, Pinnacle Investigations, Inc.

18. The report contained erroneous and false information as regards to the plaintiff's arrest and criminal conviction history.

19. The report indicated that as of February, 2017, the plaintiff was classified by the criminal justice authorities of the State of Connecticut as a convicted felon, based on criminal convictions on January 6, 2000, and August 15, 2002.

20. On January 23, 2013, the State of Connecticut Board of Pardons & Paroles granted the plaintiff an absolute pardon for these convictions, resulting in an erasure of all police and court records of such convictions.

## VI. FIRST CAUSE OF ACTION AS TO THE DEFENDANT, MC CREDIT PARTNERS LIMITED PARTNERSHIP (VIOLATION OF THE FAIR CREDIT REPORTING ACT, TITLE 15 U.S.C. § 1681)

21-40. Paragraphs 1 through 20 are incorporated herein as paragraphs 21 through 40.

41. The defendant, MC Credit Partners Limited Partnership, is an entity that uses "consumer reports" for "employment purposes" as those terms are defined by Title 15 U.S.C. § 1681a(d) and (h).

42. The use of consumer reports for employment purposes is subject to disclosure requirements under FCRA.

43. Title 15 U.S.C. § 1681b(b)(3)(A) requires that before taking any adverse employment action based in whole or in part on a consumer report used for employment purposes, the party intending to take such adverse employment action shall provide to the consumer to whom the report relates: (a) a copy of the report, and (b) a description in writing of the rights of a consumer under FRCA, Title 15 U.S.C. § 1681g(c)(1).

44. The defendant, MC Credit Partners Limited Partnership, violated the provisions of Title 15 U.S.C. § 1681b(b)(3)(A) by taking adverse employment action against the plaintiff based on a consumer report, without first providing the plaintiff with a copy of the report, as well as not proving the plaintiff a written description of her rights under the FRCA.

45. The defendant, MC Credit Partners Limited Partnership, did not provide the plaintiff with a Pre-Adverse Action Notice before taking adverse employment action against the plaintiff, thereby depriving the plaintiff to dispute the inaccuracies relating to her being categorized as a "convicted felon," before the defendant took adverse employment against the plaintiff by withdrawing its offer of employment to her.

46. The defendant, MC Credit Partners Limited Partnership, violated a fundamental protection afforded to job applicants under Title 15 U.S.C. § 1681b(b)(3)(A) of the FRCA that requires that all employers who use consumer reports to provide a copy of the report to the affected consumer before any adverse employment action is taken.

47. "A copy of the consumer report used for employment purposes must be provided before an adverse action is taken against the consumer.  It may be inferred from the statutory language that Congress intended to ensure that a potential employee would have the opportunity to address any inaccuracies contained in the consumer report used against him or her during the hiring process." *Brown v. Lowe's Companies, Inc.,* 52 F. Supp. 3d 749, 757 (W.D.N.C. 2014).

48. The obligation that an employer must provide a copy of the consumer report used for employment purposes to the consumer a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report has been a well-established legal requirement under FRCA of which the defendant, MC Credit Partners Limited Partnership, should have been aware.

49. By failing to provide the plaintiff with a copy of the consumer report prior to taking adverse action against the plaintiff based on the report, the defendant, MC Credit Partners Limited Partnership, disregarded the case law, regulatory guidance, and the plain language of the FCRA, 15 U.S.C. § 1681b(b)(3)(A).

50. The conduct of the defendant, MC Credit Partners Limited Partnership, was a result of deliberate policies and practices, and was taken in reckless disregard for a consumer's rights under the FCRA, and further assumed an unjustifiably high risk of harm.

51. The defendant, MC Credit Partners Limited Partnership, used a consumer report for employment purposes, and took adverse action against the plaintiff based in whole or in part on the consumer report, without providing the plaintiff with an opportunity to have errors in the report corrected.

52. The defendant, MC Credit Partners Limited Partnership, negligently and willfully failed to comply with the requirements of FCRA, Title 15 U.S.C. §1681b(b)(3)(A), by failing to provide the plaintiff with a copy of the consumer report before taking the adverse action.

53. Pursuant to 15 U.S.C. § 1681(n) & (o), the defendant, MC Credit Partners Limited Partnership, is liable to the plaintiff for its failure to comply with FCRA §1681b(b)(3)(A).

54. As a result of the conduct of the defendant, MC Credit Partners Limited Partnership, the plaintiff has suffered actual and monetary damages in the form of loss of income and benefits, lost employment opportunities, harm to reputation, emotional distress, humiliation, and embarrassment.

VII. **SECOND CAUSE OF ACTION AS TO THE DEFENDANT, MC CREDIT PARTNERS LIMITED PARTNERSHIP (VIOLATION OF CONNECTICUT GENERAL STATUTES §§ 31-51i et seq.**

55-74. Paragraphs 1 through 20 are incorporated herein as paragraphs 55 through 74.

75. This action arises under the provisions of Connecticut General Statute § 31-51i.

76. Jurisdiction over the complainant's claim is invoked pursuant to Connecticut General Statute § 31-51i(j).

77. The defendant, MC Credit Partners Limited Partnership, is an employer within the meaning of Connecticut General Statute § 31-51i(a).

78. Connecticut General Statute § 31-51i(e) provides that "[n]o employer or employer's agent, representative or designee shall deny employment to a prospective employee solely on the basis that the prospective employee had a prior arrest, criminal charge or conviction, the records of which have been erased pursuant to section 46b-146, 54-76o or 54-142a or that the prospective employee had a prior conviction for which the prospective employee has received a provisional pardon or certificate of rehabilitation pursuant to section 54-130a, or a certificate of rehabilitation pursuant to section 54-108f."

79. By rescinding its offer of employment based on the plaintiff's prior criminal conviction, the records of which had been erased, the defendant, MC Credit Partners Limited Partnership, has willfully violated the provisions of Connecticut General Statute § 31-51i(e).

80. The plaintiff is without an adequate administrative remedy to pursue her claim against the defendant, MC Credit Partners Limited Partnership.

81. Although Section 31-51i(j) of the Connecticut General Statutes provides, "[a]n employee or prospective employee may file a complaint with the Labor Commissioner alleging an employer's violation of this section, it provides no remedy if the Labor Commissioner finds in favor of the plaintiff.

82. As a result of the conduct of the defendant, MC Credit Partners Limited Partnership, the plaintiff has suffered monetary and actual damages in the form of loss of income and benefits, lost employment opportunities, harm to reputation, emotional distress, humiliation, and embarrassment.

## VIII. THIRD CAUSE OF ACTION AS TO THE DEFENDANT, PINNACLE INVESTIGATIONS, INC. (VIOLATION OF THE FAIR CREDIT REPORTING ACT, TITLE 15 U.S.C. § 1681)

83-102. Paragraphs 1 through 20 are incorporated herein as paragraphs 83 through 102.

103. At all times pertinent hereto, the defendant, Pinnacle Investigations, Inc., was a "person" and "consumer reporting agency" as those terms are defined by Title15 U.S.C. § 1681a(b) and (f).

104. At all times pertinent hereto, the plaintiff was a "consumer" as that term is defined by Title15 U.S.C. § 1681a(c).

105. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by Title 15 U.S.C. § 1681a(d).

106. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, the defendant, Pinnacle Investigations, Inc., is liable to the plaintiff for willfully and negligently failing to follow reasonable procedures to assure maximum possible accuracy of the

plaintiff's credit report, information and file, in violation of Title 15 U.S.C. § 1681e(b).

107. The conduct of the defendant, Pinnacle Investigations, Inc., was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the plaintiff that are outlined more fully above and, as a result, the defendant is liable to the plaintiff for the full amount of statutory, actual and punitive damages along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**IX.   FOURTH CAUSE OF ACTION AS TO THE DEFENDANT, PINNACLE INVESTIGATIONS, INC. (VIOLATION OF THE FAIR CREDIT REPORTING ACT, TITLE 15 U.S.C. § 1681)**

108-127. Paragraphs 1 through 20 are incorporated herein as paragraphs 108 through 127.

128. At all times pertinent hereto, the defendant, Pinnacle Investigations, Inc., was a "person" and "consumer reporting agency" as those terms are defined by Title15 U.S.C. § 1681a(b) and (f).

129. At all times pertinent hereto, the plaintiff was a "consumer" as that term is defined by Title15 U.S.C. § 1681a(c).

130. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by Title 15 U.S.C. § 1681a(d).

131. Pursuant to Title 15 U.S.C. § 1681n and Title 15 U.S.C. § 1681o, the defendant, Pinnacle Investigations, Inc., is liable to the plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681i.

132. The conduct of the defendant, Pinnacle Investigations, Inc., was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the plaintiff that are outlined more fully above and, as a result, the defendant is liable to the plaintiff for the full amount of statutory, actual and punitive damages along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## X.   PRAYER FOR RELIEF

**WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:**

**As to the First of Action**

a. Declare the conduct engaged by the defendant, MC Credit Partners Limited Partnership, to be in violation of the plaintiff's rights under the Fair Credit and Reporting Act;

b. Monetary damages;

c. Actual damages;

d. Statutory damages;

e. Punitive damages;

f. Costs and reasonable attorney's fees pursuant to Title15 U.S.C. §§ 1681n and 1681o; and

g. Such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

    a. Declare the conduct engaged by the defendant, MC Credit Partners Limited Partnership, to be in violation of the plaintiff's rights under Connecticut General Statutes §§ 31-51i et. seq.;

    b. Monetary damages;

    c. Actual damages;

    d. Compensatory damages; and

    e. Such other and further relief as the Court may deem just and proper.

**As to the Third and Fourth Causes of Action**

    a. Declare the conduct engaged by the defendant, MC Credit Partners Limited Partnership, to be in violation of the plaintiff's rights under the Fair Credit and Reporting Act;

    b. Monetary damages;

    c. Actual damages;

    d. Statutory damages;

    e. Punitive damages;

    f. Costs and reasonable attorney's fees pursuant to Title 15 U.S.C. §§ 1681n and 1681o; and

    g. Such other and further relief as the Court may deem just and proper.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY**.

                        THE PLAINTIFF – CHRISTINA VOIGHT

                        BY <u>/s/ Thomas W. Bucci</u>
                         Thomas W. Bucci    Fed. Bar #ct07805
                         WILLINGER, WILLINGER & BUCCI, P.C.
                         855 Main Street
                         Bridgeport, CT  06604
                         Tel: (203) 366-3939
                         Fax: (203) 337-4588
                         Email: thomasbucci@earthlink.net